UNITED STATES BANKRUPTCY COURT

DISTRICT OF MASSACHUSETTS

EASTERN DIVISION

| | |
|---|---|
| **In re**<br><br>**ELIZABETH RIGA,**<br><br>                    **Debtor**<br><br>**ELIZABETH RIGA,**<br><br>                    **Plaintiff**<br>**v.**<br><br>**DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee of the Home Equity Mortgage Loan Asset Backed Trust Series INABS 2005-C Home Equity Mortgage Loan Asset Backed Certificates, Series INABS 2005-C Under the Pooling and Servicing Agreement Dated September 1, 2005, et al.,**<br><br>                    **Defendants** | Chapter 13<br>Case No. 10-11415-FJB<br><br><br><br><br>Adversary Proceeding<br>No. 10-1083 |

**MEMORANDUM OF DECISION AND ORDER ON**
**<u>MOTION OF DEUTSCHE BANK TO DISMISS</u>**

The plaintiff and debtor, Elizabeth Riga, has filed a complaint seeking damages against Deutsche Bank National Trust Company, as Trustee ("Deutsche Bank"). The adversary proceeding is before the Court on the motion of Deutsche Bank to dismiss Counts I (for fraud), III (for violation of Massachusetts G.L. c. 93A), and IV (for violation of TILA and the MCCCDA) of Debtor's Amended Complaint for failure to state a claim on which relief can be granted. For the reasons set forth below, the Court will allow the motion as to all three counts.

Count I, for fraud, must be dismissed because the complaint does not allege that Deutsche Bank made representations of any kind to Riga. The alleged misrepresentations were made by IndyMac, Deutsche Bank's predecessor in interest. The mere fact that Deutsche Bank now holds by assignment the promissory note and mortgage that IndyMac is alleged to have procured by fraud does not render

Deutsche Bank liable for the fraud of IndyMac. The holding in *Graves Equipment, Inc., v. M. DeMatteo Const. Co.,* 397 Mass. 110 (1986)—that an assignee of the rights of one party to a contract has no better rights than, and is subject to contractual defenses available against, the assignor—does not govern where the action is not on the contract but an affirmative claim in tort. *Ford Motor Credit Co. v. Morgan*, 404 Mass. 537, 545 (1989) ("The common law principle that the assignee stands in the assignor's shoes means only that the debtor can raise the same defenses against the assignee as he could have raised against the assignor. . . . It has never been interpreted to mean that the assignee will be liable for all the assignor's wrongs."). In a brief filed in response to the Court's inquiry regarding successor liability, Riga for the first time alleged that Deutsche Bank can be liable for the fraud of IndyMac because IndyMac perpetrated the fraud in furtherance of a joint venture with Deutsche Bank. I need not address the viability of this theory because the complaint does not allege the existence of a joint venture or plead facts on which the existence of such a joint venture might be predicated.

Count III, for violation of the Massachusetts Consumer Protection Act, must be dismissed for two reasons. First, Riga concedes that she failed to serve on Deutsche Bank the demand letter required by G.L. c. 93A, § 9(3). Second, this count is based entirely on the conduct of IndyMac and alleges no conduct by Deutsche Bank. A claim under c. 93A against an assignee may not be predicated solely on conduct of the assignor. *McKensi v. Bank of America,* 2010 WL 3781841, at *3 (D. Mass. 2010) (citing *Ford Motor Credit Co. v. Morgan*, 404 Mass. 537, 545 (1989)).

Count IV, for damages for violation of the federal Truth in Lending Act (TILA) and the Massachusetts Consumer Credit Cost Disclosure Act (MCCCDA), fails because it is barred by the limitations periods in these statutes. It is undisputed that this action was commenced after the limitations period for each statute had lapsed. Riga contends that the limitations periods can be tolled for late discovery, but tolling is essentially an affirmative defense to the application of the statute of limitations, which therefore requires that the plaintiff articulate facts on the basis of which the statute

2

may be tolled. The debtor has articulated no such facts, either in her complaint or in opposition to this motion. Absent an allegation of facts that can be proven to establish that the limitations period was tolled, the limitations period must be deemed to have lapsed, and Count IV fails to state a claim under TILA or the MCCCDA.

**ORDER**

For these reasons, the Motion of Deutsche Bank to Dismiss Adversary Proceeding is hereby granted. Insofar as the Court has already issued an order of abstention as to Riga's claims against the only other defendant, a judgment of dismissal shall enter forthwith.

Date: March 25, 2011

_____
Frank J. Bailey
United States Bankruptcy Judge